**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>EHT US1, Inc., et al.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 21-10036 (CSS)<br><br>Re: ECF No. 20 |

**LIMITED OBJECTION, RESERVATION OF RIGHTS,
AND DEMAND FOR ADEQUATE PROTECTION OF
MARRIOTT INTERNATIONAL, INC. TO THE DEBTORS'
MOTION FOR FINAL ORDER (I) AUTHORIZING DEBTORS TO OBTAIN
POSTPETITION FINANCING, (II) GRANTING LIENS AND SUPERPRIORITY
ADMINISTRATIVE EXPENSE CLAIMS, (III) MODIFYING AUTOMATIC STAY, AND
(IV) GRANTING RELATED RELIEF**

Marriott International, Inc. ("Marriott"), by and through its undersigned counsel, hereby submits this limited objection, reservation of rights, and demand for adequate protection (the "Limited Objection") to certain relief sought in *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying Automatic Stay, and (IV) Granting Related Relief* [ECF No. 20] (the "DIP Financing Motion"). In support of the Limited Objection, Marriott respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are as follows: EHT US1, Inc.(6703); 5151 Wiley Post Way, Salt Lake City, LLC (1455); ASAP Cayman Atlanta Hotel LLC (2088); ASAP Cayman Denver Tech LLC (7531); ASAP Cayman Salt Lake City Hotel LLC (7546); ASAP Salt Lake City Hotel, LLC (7146); Atlanta Hotel Holdings, LLC (6450); CI Hospitality Investment, LLC (7641); Eagle Hospitality Trust S1 Pte Ltd. (7669); Eagle Hospitality Trust S2 Pte Ltd. (7657); EHT Cayman Corp. Ltd. (7656); Sky Harbor Atlanta Northeast, LLC (6450); Sky Harbor Denver Holdco, LLC (6650); Sky Harbor Denver Tech Center, LLC (8303); UCCONT1, LLC (0463); UCF 1, LLC (6406); UCRDH, LLC (2279); UCHIDH, LLC (6497); Urban Commons 4th Street A, LLC (1768); Urban Commons Anaheim HI, LLC (3292); Urban Commons Bayshore A, LLC (2422); Urban Commons Cordova A, LLC (4152); Urban Commons Danbury A, LLC (4388); Urban Commons Highway 111 A, LLC (4497); Urban Commons Queensway, LLC (6882); Urban Commons Riverside Blvd., A, LLC (4661); and USHIL Holdco Member, LLC (4796). The Debtors' mailing address is 3 Times Square, 9th Floor New York, NY 10036 c/o Alan Tantleff (solely for purposes of notices and communications).

# I.
# BACKGROUND OF THE RELATIONSHIP BETWEEN THE DEBTORS AND MARRIOTT

Marriott entered into franchise agreements with the following non-debtor franchisees (each a "Franchisee" and together, the "Franchisees") each dated as of May 24, 2019 (the "Franchise Agreements"), pursuant to which, among other things, the Franchisees were granted a non-exclusive license to operate the Franchisees' respective hotels (collectively, the "Hotels") under a brand owned by Marriott, including the right to use certain of Marriott's trademarks, reservation system and other intellectual property, subject in each case to compliance with the terms of the applicable Franchise Agreement.

| *Marriott Franchisee* | *Hotel Name* |
|---|---|
| EHT RDH, LLC | Renaissance Denver |
| EHT SPH, LLC | Sheraton Pasadena |
| EHT FPSJ, LLC | Four Points San Jose |
| EHT WSAC, LLC | Westin Sacramento |
| EHT SDTC, LLC | Sheraton Denver Tech Center |

Pursuant to the Franchise Agreements, the Franchisees are required to pay Marriott for franchise, marketing, and other fees and reimbursable amounts in accordance with the terms set forth therein (the "Franchise Fees and Costs"). The Franchisees defaulted under the Franchise Agreements for failure to, among other things, timely pay Franchise Fees and Costs to Marriott. As a result, the Franchise Agreement for the Renaissance Denver was terminated on December 15, 2020, and the Franchise Agreements for the Sheraton Pasadena, Four Points San Jose, Westin Sacramento and Sheraton Denver Tech Center are each scheduled to terminate on February 28, 2021, without further notice or action by Marriott.

In connection with the Franchise Agreements, each of the following Debtors is party to an Owner Agreement with Marriott (each, an "Owner" and together, the "Owners") and dated as of May 24, 2019 (the "Owner Agreements"):

| *Debtor Owner* | *Hotel Name* |
|---|---|
| UCRDH, LLC | Renaissance Denver |
| Urban Commons Cordova A, LLC | Sheraton Pasadena |
| Urban Commons 4th Street A, LLC | Four Points San Jose |
| Urban Commons Riverside Blvd., A, LLC | Westin Sacramento |
| Sky Harbor Denver Tech Center LLC | Sheraton Denver Tech Center |

Pursuant to the Owner Agreements, at Marriott's request, if Marriott terminates a Franchise Agreement due to a default that is not caused by Owner, Owner will terminate the lease covering the Hotel and will elect to either enter into a new franchise agreement with Marriott on Marriott's then-current form of franchise agreement or enter into a management agreement with an affiliate of Marriott, in each case as more specifically set forth in the Owner Agreements (the "New Franchise Agreement" or the "New Management Agreement").  Further, each Owner is obligated, in the event that the applicable Franchise Agreement is terminated before the New Franchise Agreement or the New Management Agreement is signed, to execute a short-term agreement to operate the Hotel under the terms and conditions of the Franchise Agreement on an interim basis (an "Interim Franchise Agreement") following the termination of the lease for the Hotel until the New Franchise Agreement or the New Management Agreement is executed.

During September 2020, Marriott exercised its remedies under the Franchise Agreements to suspend each Hotel from Marriott's reservation system as a result of continuing defaults under the Franchise Agreements.  Marriott subsequently agreed to turn on the reservation systems and to forbear from suspending the Reservation System with respect to the Hotels pursuant to letter agreements dated as of September 22, 2020 and October 22, 2020 with Eagle Hospitality Trust, 44 Inn America Woodbridge Associates, L.L.C. and Debtors UCRDH, LLC, Sky Harbor Denver Tech Center LLC, Urban Commons Cordova A, LLC, Urban Commons Riverside (together, the "Reservation System Forbearance Agreements"), in each case subject to, among other things, the

3

payment by Eagle Hospitality Trust or the Debtor-Owners of ongoing Franchise Fees and Costs owing to Marriott under the Franchise Agreements to Marriott (the "Reservation System Forbearance Payments") and without waiver of any other rights or remedies available to Marriott under the Franchise Agreements or otherwise.

## II.
## LIMITED OBJECTION, RESERVATION OF RIGHTS, AND DEMAND FOR ADEQUATE PROTECTION

While the DIP Financing Motion seeks Court approval of post-petition financing in order to pay what the Debtors describe as critical obligations, the Initial DIP Budget attached as Exhibit 3 to the Interim DIP Financing Order [ECF No. 61-4] makes no provision for the payment of amounts to Marriott under the Reservation System Forbearance Agreement, Interim Franchise Agreement or otherwise, which payments are required to continue operating under brands owned by Marriott, use intellectual property owned by Marriott, and to continue to use Marriott's reservation system. These are plainly post-petition administrative expenses of the Debtors, and should be paid in the ordinary course under the DIP Budget. While the Initial DIP Budget provides very little in the way of detail, Marriott has sought assurances from the Debtors that these payments would be part of the DIP Budget, and to date the Debtors have not provided any such assurances.

Marriott hereby objects to the DIP Financing Motion to the extent that the Debtors intend to continue to use Marriott's trademarks and other intellectual property without complying with the terms of the Reservation System Forbearance Agreements and Owner Agreements, including making the Reservation System Forbearance Payments. Absent payment of post-petition amounts owing to Marriott and compliance with the terms of the Reservation System Forbearance Agreements and Owner Agreements, the Debtors' continued use of Marriott's trademarks and other intellectual property would violate the Lanham Act. *See, e.g.* 15 U.S.C. §§ 1114, 1116, 1124.

Marriott, as owner of the trademarks and other intellectual property being used by the Debtors pursuant to the Reservation System Forbearance Agreement and Owner Agreement, is entitled to adequate protection under Section 363(e) of the Bankruptcy Code for that continued use. If that adequate protection is not provided, in the form of the already-agreed-to payments under the Reservation System Forbearance Agreement and the compliance by the Debtors with the Owner Agreements, then the Debtors should be prohibited from any further use of said trademarks and intellectual property. 11 USC § 363(e). For similar reasons, a waiver of any rights to surcharge collateral pursuant to section 506(c) of the Bankruptcy Code is inappropriate unless the budget contains adequate line items for current operational costs.

In light of the above, with respect to the entry of the final order of the DIP Financing Motion, Marriott requests the inclusion of the following language to ensure the Debtors' timely payment of the Reservation System Forbearance Payments:

> Notwithstanding the foregoing, the Debtors shall pay all post-petition franchise, marketing, and other fees and reimbursable amounts (the "Franchisor Fees and Expenses") due to Marriott International, Inc. ("Franchisor") arising under any franchise agreement, owner agreement and/or any related documents associated therewith (collectively, the "Franchise Documents"). Without limiting the foregoing, notwithstanding anything set forth elsewhere in this Order, the Budget shall not operate as a cap, limit, or restriction on the payment of the Franchisor Fees and Expenses owed and to be paid to Franchisor, which Franchisor Fees and Expenses shall be fully and timely paid in accordance with the terms of the applicable Franchise Documents. Neither this Order nor the DIP Loan Documents grant the DIP Loan Parties any rights or remedies with regard to Marriott's trademarks or other intellectual property. Franchisor reserves all rights, including those concerning fees and other expenses which it asserts entitlement to under the Franchise Documents.

In addition, nothing in the final order approving the DIP Financing Motion or the related financing documents may grant the DIP Loan Parties with any rights or remedies related to

5

Marriott's trademarks or other intellectual property.  Marriott further reserves any and all rights and remedies it has at law or in equity under the Franchise Agreements, Owner Agreements, Reservation System Forbearance Agreements, or any other agreements between Marriott and any of the Debtors or any of the Franchisees, whether or not expressly stated in this Limited Objection. Marriott further reserves all rights and objections with regard to the final order approving the DIP Financing Motion, which has not yet been filed with the Court.

WHEREFORE, Marriott respectfully requests that the Court deny the current form of final order approving the DIP Financing Motion and grant such other relief as requested herein.

*[Remainder of page intentionally left blank]*

Dated: February 4, 2021
      Wilmington, Delaware      **BAYARD, P.A.**

      */s/ Erin R. Fay*
      Erin R. Fay (No. 5268)
      Gregory J. Flasser (No. 6154)
      600 N. King Street, Suite 400
      P.O. Box 25130
      Wilmington, DE 19899
      Telephone: (302) 429-4242
      Email: efay@bayardlaw.com
             gflasser@bayardlaw.com

-and-

**SHEPPARD, MULLIN, RICHTER**
**& HAMPTON LLP**

Michael T. Driscoll, Esq. (*pro hac vice* forthcoming)
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
E-mail: mdriscoll@sheppardmullin.com

**SHEPPARD, MULLIN, RICHTER**
**& HAMPTON LLP**

Michael M. Lauter, Esq. (*pro hac vice* forthcoming)
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Tel: (415) 434-9100
Fax: (415) 434-3947
Email: mlauter@sheppardmullin.com

*Attorneys for Marriott International, Inc.*