# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| EHT US1, Inc., *et al.*, ) | Case No. 21-10036 (CSS) |
| ) | |
| Debtors. ) | |
| ) | |
| Urban Commons Queensway, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No.: 21-50476 (CSS) |
| ) | |
| EHT Asset Management, LLC, Taylor ) | |
| Woods, Howard Wu, ) | |
| ) | **Related D.I. 113, 114** |
| Defendants ) | |
| ) | |

## ORDER

WHEREAS, the Court issued an Order finding Defendants Taylor Woods and Howard Wu in civil contempt (Adv. D.I. 114) for failing to comply with this Court's Order Granting Plaintiff Urban Commons Queensway, LLC's Renewed Cross-Motion for Preliminary Injunctive Relief (Adv. D.I. 77) (the "PI Order"), and convened an evidentiary hearing on November 19, 2021, to determine which sanction is most reasonably calculated to win compliance with the PI Order.

WHEREAS, this Court's PI Order, which was based on 11 U.S.C. § 105 and Fed. R. Civ. P. 65, specifically enjoined the Defendants from "transferring, encumbering, or otherwise disposing of $2,437.500.00 or assets of equivalent value," and required them to "account for such funds or assets to the Plaintiff…." (Adv. D.I. 71).

WHEREAS, the Court's purpose in issuing the PI Order was to ensure that Defendants had the funds at issue in their possession for the purpose of turning over the funds to Plaintiff if it was later determined that the funds were fraudulently conveyed.

WHEREAS, on September 14, 2021, this Court granted Plaintiff's Motion for Summary Judgment (Adv. D.I. 76) and specifically held that "[p]ursuant to 11 U.S.C. §§ 548(a)(1)(A) and (B) and 550(a)(1), the ... transfer of $2,437.500.00 from the Plaintiff to EHT Asset Management, LLC is avoided, and the Plaintiff is entitled to recover for the benefit of the estate $2,437,500.00."

WHEREAS, this Court's PI Order was issued to "enforce federal law," i.e., to enforce 11 U.S.C. §§ 548(a)(1)(A) and (B), and 550(a)(1). Thus, pursuant to Fed. R. Civ. P. 4.1(b), this Court may issue an order committing Defendants Taylor Woods and Howard Wu for civil contempt in any district.[1]

WHEREAS, Messrs. Woods and Wu appeared in-person at the November 19th hearing as directed by the Court, testified, and were subject to cross-examination. In addition, numerous exhibits were admitted into evidence.

WHEREAS, neither the testimony of Mr. Woods nor Mr. Wu was credible. Among other things: (i) their answers were often incomplete and purposefully vague; (ii) they blamed all their financial difficulties on the COVID-19 pandemic, which, while partially true, ignored the uncontroverted fact that their business enterprise was in serious difficulty months before the pandemic – having missed substantial payments in January

---

[1] *See* U.S. Marshals Serv., *Civil Process* N.2 (2009) *in Policy Directive 11.3, available at* https://www.usmarshals.gov/foia/directives/service_of_process.pdf.

and February 2020; (iii) they were unable to identify with particularity the source of the funds upon which they have been living for the last 6 months; (iv) their testimony implied they had engaged in elaborate efforts to hide assets; (v) Mr. Woods refused to take personal responsibility for the fraudulent PPP loan application, which he signed under penalty of perjury, and the diversion of the proceeds to their company – blaming, instead, his staff; and (vi) the accounting of their assets was incomplete, vague and inconsistent with documents from May 2021 – indicating that either the previous or the current document was fraudulent. *Compare* Exhibits 15 and F.

WHEREAS, the testimony at the hearing established that Defendants did not comply with the terms of the PPP Loan, which stated that "[t]he funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule." *(see* Exhibit H at p. 6). Rather, Defendants used the PPP Loan proceeds to pay taxes and expenses not specifically mandated and acknowledged in the PPP Loan Application and Paycheck Protection Program Rules, which indicates a blatant disregard for the law, and gross ineptitude or (more charitably) negligence. Moreover, Defendants' actions seriously jeopardize the ability to have the loan forgiven – to the detriment of creditors. All of which indicate that Mr. Woods and Mr. Wu are unlikely to abide by the terms of the PI Order.

WHEREAS, the Court-ordered accounting has not been completed and what has been provided so far is vague, incomplete, and possibly fraudulent.

WHEREAS, it is probable Defendants have and will continue to transfer, encumber, or otherwise dispose of material assets in violation of the PI Order.

WHEREAS, the provisions set forth below constitute the sanction that is most reasonably calculated to win compliance with the PI Order.

**IT IS HEREBY ORDERED THAT:**

1. The Court will immediately and without further notice to Defendants issue an Order of Commitment for Civil Contempt against Mr. Woods and/or Mr. Wu upon the filing of a Certification of Counsel by Plaintiff's counsel *with supporting evidence attached thereto* as to any of the following:

    a. any of Defendants, their officers, agents, or assigns have transferred, encumbered, or otherwise disposed of assets in the aggregate amount of more than USD $50,000.00 on or after the date of this Order;

    b. Plaintiff is in possession of reliable evidence that any of Defendants, their officers, agents, or assigns intend to transfer, encumber, or otherwise dispose of assets in the aggregate amount of more than USD $50,000.00 on or after the date of this Order; or

    c. by no later than December 6, 2021, at 4:00 p.m. Eastern Standard Time, Defendants have failed to satisfy fully the obligation to provide an accounting set forth in ¶3 of the PI Order *with said Certification of Counsel specifically identifying the deficiencies of any accounting provided by Defendants.*

2. Defendants may avoid the obligations of ¶¶2-3 of the PI Order by either:

      a.      Placing $2,437,500.00 in an escrow account for the benefit of Plaintiff, pursuant to an Escrow Agreement reasonably acceptable to Plaintiff; or

      b.      Obtaining a bond in the amount of $2,437,500.00 in favor of Plaintiff in a form reasonably acceptable to Plaintiff.

3.      Any Order of Commitment for Civil Contempt against Mr. Woods and/or Mr. Wu will specify the conditions for release.

4.      The Court retains jurisdiction over this Order and the relief granted herein.

*[signature]*
Christopher S. Sontchi
United States Bankruptcy Judge

Dated: November 22, 2021